

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Francesca Liquori*
*Assistant United States Attorney*

970 Broad Street, 7th floor
Newark, New Jersey 07102

*Direct dial: 862-754-2335*

August 14, 2023

**Via E-Mail**
Stacy Biancamano, Esq.
Biancamano Law, LLC
Cranford Executive Plaza
312 North Avenue East, Suite 7
Cranford, New Jersey 07016

C5

      Re:    <u>Plea Agreement with Davine Campbell</u>
               Crim. No. 20-185

Dear Ms. Biancamano:

      This letter sets forth the plea agreement between your client, Davine Campbell ("Campbell" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement expires on September 15, 2023.**

<u>Charge</u>

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Campbell to a Superseding Information that charges him with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846.

      If Campbell enters a guilty plea and is sentenced on this charge to a term of imprisonment within the range of 24 to 36 months, followed by a three-year term of supervised release (the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Campbell for: conspiring to distribute, distributing or possessing with intent distribute heroin, cocaine base, and fentanyl from in or around September 2018 through on or about October 3, 2019, and will move the

Court at the sentencing hearing to dismiss the Third Superseding Indictment, as against Campbell. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Campbell agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Campbell may be commenced against him, notwithstanding the expiration of the limitations period after Campbell signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in the Superseding Information to which Campbell agrees to plead guilty carries a statutory maximum sentence of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to Campbell. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Campbell, the sentencing judge: (1) will order Campbell to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Campbell to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853 of, (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (4) may deny Campbell certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a.

In addition, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require Campbell to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Campbell be placed on a term of supervised release and subsequently violate any of the conditions of supervised release, Campbell may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and

### Waiver of Appeal and Post-Sentencing Rights

This Office and Campbell agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Campbell further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. But this waiver does not apply to:

(1) Any proceeding to revoke the term of supervised release;

(2) A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A);

(3) An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

### Forfeiture

As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Campbell agrees to forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Superseding Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

   Campbell further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Superseding Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. Campbell shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

   Campbell waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Campbell consents to the entry of a Consent Judgment of Forfeiture that will be final as to Campbell prior to the sentencing. Campbell understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Campbell's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Campbell hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

<u>Immigration Consequences</u>

   Campbell understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Campbell understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Campbell wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Campbell understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Campbell waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude him from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Campbell received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Campbell and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: *Francesca Liquori*
Francesca Liquori
Assistant U.S. Attorney

APPROVED:

Jamel Semper
Deputy Chief, Criminal Division

I have received this letter from my attorney, Stacy Biancamano, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 10/24/23
Davine Campbell

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

/s/ Stacy Biancamano Esq,                    Date: 10/24/2023
_____
Stacy Biancamano, Esq.
Counsel for Defendant

## Plea Agreement with Davine Campbell ("Campbell")

## Schedule A

This Office and Campbell agree to stipulate that the offense charged in the Superseding Information involved between 100 and 400 grams of converted drug weight.